IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

    Plaintiff,                            No. CIV S-06-1611 DFL PAN P

    vs.

KEMP, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action in the Sacramento County Superior Court. This action was then removed by defendants to this court.

        This lawsuit is brought by plaintiff as a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp.

/////

1

1  779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will
2  be construed as an individual civil suit brought by plaintiff.
3  　　　　　The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
5  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.
8  § 1915A(b)(1),(2).
9  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Franklin v.
11 Murphy, 745 F.2d 1221, 1227-28 (9th Cir.1984).  The court may, therefore, dismiss a claim as
12 frivolous where it is based on an indisputably meritless legal theory or where the factual
13 contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a
14 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See
15 Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989); Franklin, 745 F.2d at 1227.
16 　　　　　A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
19 Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing Conley v. Gibson, 355
20 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n,
21 651 F.2d 1289, 1294 (9th Cir.1981).  In reviewing a complaint under this standard, the court
22 must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp.
23 Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the
24 light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
25 McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).
26 /////

1    Plaintiff alleges in his complaint that defendants, in their various capacities within
2 the California Department of Corrections and Rehabilitation (CDCR), have engaged in the
3 implementation, approval, maintenance, and enforcement of a CDCR policy and practice of
4 opening and reading "legal" mail from the courts outside of the presence of the intended inmate
5 recipients and in violation of the First and Fourteenth Amendments to the United States
6 Constitution.  On ten occasions, mailroom staff at Mule Creek State Prison opened mail from
7 various courts addressed to plaintiff and outside plaintiff's presence.

8    Generally, there is no right to privacy in the mail, <u>United States v. Choate</u>, 576
9 F.2d 165 (9th Cir. 1978), and "prison officials may examine the communications of a prisoner
10 without infringing upon his rights." <u>United Sates v. Wilson</u>, 447 F.2d 1, 8 n.4 (9th Cir. 1971).
11 Further, opening and inspecting a prisoner's legal mail in the presence of the inmate is doing all,
12 and perhaps even more, than the Constitution requires.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 577
13 (1974).

14    Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal
15 mail. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094, as amended by 135 F.3d 1318 (9th Cir. 1998) <u>citing</u>
16 <u>Martin v. Brewer</u>, 830 F.2d 76, 78 (7th Cir.1987) ("[W]ith minute and irrelevant exceptions all
17 correspondence from a court to a litigant is a public document, which prison personnel could if
18 they want inspect in the court's files."). Because mail to and from the courts is not legal mail,
19 any claim that mail from the courts was not treated in a confidential manner does not state a
20 claim. <u>Keenanl</u>, 83 F.3d 1094.  Accordingly, the court will recommend that this action be
21 dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A.

22    IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
23 state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A.  [Fed. R. Civ. P. 41(b).]

24    These findings and recommendations are submitted to the District Judge assigned
25 to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being
26 served with these findings and recommendations, petitioner may file written objections with the

court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 21, 2006.

                                                    UNITED STATES MAGISTRATE JUDGE

14
neig1611.fr

4