IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

        Plaintiff,                        No. CIV S-06-1611 DFL EFB P

     vs.

KEMP, et al.,                            ORDER AND FINDINGS
                                                   AND RECOMMENDATIONS
        Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2006, plaintiff filed a motion to proceed *in forma pauperis*. Plaintiff is advised that the necessary filing fee was paid by defendants when they removed this action from state court to federal court on July 20, 2006. Plaintiff's motion to proceed in forma pauperis is therefore denied as moot.

        The court issued findings and recommendations on August 21, 2006, recommending that this action be dismissed for failure to state a claim upon which relief may be granted, and notifying plaintiff that he had twenty days to file objections after being served with the findings and recommendations. Plaintiff filed objections on August 30, 2006, together with an amended complaint.

/////

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. *Id.*; *see also* E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Plaintiff's filing of the amended complaint on August 30, 2006 moots the findings and recommendations for an order that he do so. Accordingly, the August 21, 2006, findings and recommendations are vacated and the court hereby screens plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

////

1    A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  *Hishon v. King &*
4 *Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355
5 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*,
6 651 F.2d 1289, 1294 (9th Cir.1981).  In reviewing a complaint under this standard, the court
7 must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp.*
8 *Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the
9 light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v.*
10 *McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

11    Plaintiff's amended complaint does not differ significantly from his original
12 complaint.  Plaintiff alleges in his amended complaint that defendants, in their various capacities
13 within the California Department of Corrections and Rehabilitation (CDCR), have engaged in
14 the implementation, approval, maintenance, and enforcement of a CDCR policy and practice of
15 opening and reading mail from the courts outside of the presence of the intended inmate
16 recipients and in violation of the First and Fourteenth Amendments to the United States
17 Constitution.  On eleven occasions, mailroom staff at Mule Creek State Prison opened mail from
18 various courts addressed to plaintiff and outside plaintiff's presence.  Plaintiff incorrectly
19 considers this mail to be "legal" mail, and is apparently contending that where mail is stamped
20 "confidential legal mail" that mail is in fact "confidential legal mail."  A stamp does not,
21 however, change the character of the actual mail.  The courts have distinguished legal mail from
22 ordinary mail, as explained below.

23    Generally, "prison officials may examine the communications of a prisoner without
24 infringing upon his rights." *United Sates v. Wilson*, 447 F.2d 1, 8 n.4 (9th Cir. 1971).  Further,
25 opening and inspecting a prisoner's legal mail in the presence of the inmate is doing all, and
26 perhaps even more, than the Constitution requires.  *Wolff v. McDonnell*, 418 U.S. 539, 577

1  (1974).

2    Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. *Keenan v. Hall*, 83 F.3d 1083, 1094, as amended by 135 F.3d 1318 (9th Cir. 1998) *citing Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir.1987) ("[W]ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files."). Because mail to and from the courts is not legal mail, any claim that mail from the courts was not treated in a confidential manner does not state a claim. *Keenan*, 83 F.3d 1094. Accordingly, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

  Accordingly, IT IS HEREBY ORDERED that:

  1. Plaintiff's August 30, 2006, motion to proceed in forma pauperis is denied as moot.

  2. The August 21, 2006, findings and recommendations are vacated.

  Further, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief may be granted.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 30, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE