1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALLEN NEIGHBORS,

       Plaintiff,                     No. CIV S-06-1611 DFL EFB P

       vs.

KEMP, et al.,

       Defendants.              <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding *in propria persona* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2006, plaintiff filed a motion to disqualify the state attorney general's office from representing defendants. Plaintiff claims that a conflict of interest exists because it is the Attorney General's legal duty to investigate, and prosecute those who have violated plaintiff's rights and instead the Attorney General chose to represent the defendants in this action because they are state employees. Additionally, plaintiff claims that the Attorney General's office has unlimited access to plaintiff's central file and medical and mental health records, and that this provides the Attorney General's office with an unfair advantage over plaintiff, who is indigent and unable to afford representation. For the following reasons plaintiff's motion is denied.

/////

1

1     The state has a mandatory duty to represent the state and any state officer acting in an official capacity.  See Cal. Gov't Code § 12512 ("The Attorney General shall . . . defend all causes to which the State, or any State officer is a party in his official capacity . . .").  In representing the state, the Attorney General will also normally represent the public interest.  *See*, *e.g.*, *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 14-15 (1974).  In an exceptional case, the Attorney General may recognize a conflict of interest between the duty to represent the public interest and the duty to represent a state agency.  "However, unless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made *both* a representative of the public interest *and* as counsel for the state agency or officer."  *D'Amico*, 11 Cal.3d at 15.

   In the instant case, the Attorney General has not asserted any conflict of interest.  Furthermore, the court finds that this case does not present "the exceptional case."  It is exceedingly common for state prisoners to file civil rights actions against the California Department of Corrections and Rehabilitation and its employees based on constitutional grounds.  These cases do not present the type of "public interest" case which would normally invoke a potential conflict of interest.  Finally, actions taken by the Attorney General on behalf of state employees do not present a conflict of interest for an opposing party.  Therefore, the court finds no merit to plaintiff's claim that the representation of defendants by the Attorney General presents a conflict of interest.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's August 30, 2006, motion is denied.

DATED:  December 4, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2